UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADVICE INTERACTIVE GROUP, LLC,

    Plaintiff,

v.                                            CASE NO. 3:17-cv-801-J-39MCR

WEB.COM GROUP, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for *In Camera* Review of Select Documents Listed on Plaintiff's Privilege Log ("Motion for *In Camera* Review") (Doc. 131), Plaintiff's Opposition thereto (Doc. 149), and Defendant's Notice of Supplemental Authority (Doc. 152).

In the Motion for *In Camera* Review, Defendant asks the Court to review, *in camera*, certain documents that Plaintiff is withholding from production based on claims of privilege,[1] in order to determine if the privileges have been properly asserted and, if so, whether any exception applies, and then order production of

---

[1] Defendant has identified 52 entries on Plaintiff's Privilege Log that it contends are subject to an *in camera* review. (Doc. 131 at 3.) However, the parties were able to narrow down the dispute and presently 40 entries are still at issue: purported "crime-fraud" documents (Privilege Log entries 376, 384, 388, 397, 398, 399, 422, and 423), purported "delay" documents (Privilege Log entries 132, 133, 134, 135, 142, 144, and 149), certain purported "former employee" documents (Privilege Log entries 339, 340, 341, 342, 344, 355, 356, 357, and 358), one purported "entry without an attorney" document (Privilege Log entry 300), and documents that Web does not specifically mention, but for which it still requests an *in camera* inspection (Privilege Log entries 150, 154, 157, 161, 162, 164, 165, 166, 169, 170, 171, 172, 364, 367, and 370). (Doc. 149 at 1-2.)

all non-privileged documents to Defendant.  (*See* Doc. 131.)  Contemporaneously with its Motion for *In Camera* Review, Defendant has filed its Motion to Compel Production of Documents Sought in Its Third Request for Production to Plaintiff ("Defendant's Motion to Compel") (Doc. 146), which seeks to compel "certain discovery relating to communications between Plaintiff and its counsel, Fish & Richardson, relating to the copyright applications and registrations at issue in this case" (Doc. 131 at 3).  Defendant states that its request for an *in camera* inspection relates to the relief sought in its Motion to Compel so the Court may view the records at issue before ruling on the Motion to Compel.[2]  (*Id.*)

Defendant states that for the reasons set forth in both its Motion for *In Camera* Review and its Motion to Compel, "serious questions exist regarding the appropriateness of Plaintiff's claims of privilege."  (*Id.* at 6.)  Defendant explains:

> The evidence uncovered to date unequivocally demonstrates that Plaintiff has committed a fraud on the US Copyright Office, and that it delegated to its counsel all dealings with the Copyright Office.  The evidence also establishes that Plaintiff has put at issue other documents over which it claims privilege.  Moreover, other documents listed on Plaintiff's Privilege Log do not involve an attorney and/or were sent to former employees of Plaintiff that, under certain circumstances, may not invoke the protections of the attorney-client privilege.

(*Id.* at 6-7.)

---

[2] Defendant explains that its Motion for *In Camera* Review is not intended to limit the scope of its Motion to Compel, because the latter seeks the production of the records at issue in the Motion for *In Camera* Review, plus any additional responsive documents and discovery withheld on the basis of the alleged privileges.  (*See* Doc. 131 at 7 n.3.)

2

Plaintiff admits that Defendant's Motion for *In Camera* Review is intertwined with Defendant's Motion to Compel, and asserts that the "crime-fraud" and "delay" arguments, which also encompass the "former employee" and "entry without an attorney" documents (*see* Doc. 149 at 2-3), should be dealt with in the context of Defendant's Motion to Compel. (*Id.* at 2 & n.2.) As to the remaining documents for which Defendant requests an *in camera* inspection (Privilege Log entries 150, 154, 157, 161, 162, 164, 165, 166, 169, 170, 171, 172, 364, 367, and 370), but does not specifically mention in its Motion for *In Camera* Review, Plaintiff contends that Defendant has articulated no basis for relief.

In the Motion to Compel, Defendant states that "the Court can engage in [an] *in camera* review to determine the applicability of the crime-fraud exception." (Doc. 146 at 10.) Defendant asserts that:

> Web.com has made a prima facie showing that AIG was planning to obtain fraudulent copyright registrations when it sought the advice of Fish & Richardson, and that AIG ultimately used Fish & Richardson to obtain copyright registrations by fraud on the Copyright Office. Accordingly, documents shared with counsel regarding the circumstances surrounding the creation of the Visibility Report and HTML code, as well as the copyright registrations sought in connection with such, are critically relevant, and excepted from the attorney/client privilege. And, to the extent that there is any doubt, Web.com alternatively requests that this Court require an *in-camera* review of the responsive documents to determine whether the crime/fraud exception applies.

(*Id.* at 24.)

In response to the Motion to Compel, Plaintiff states:

3

> [W]hen presented fully and without mischaracterization, the evidence . . . demonstrates that Web has not and cannot meet its burden of showing (1) a prima facie case that AIG was planning or involved in fraudulent conduct, *i.e.*, that it intended to conceal information from the copyright office, when it sought the advice of counsel, or that it committed a fraud subsequent to receiving the benefit of counsel's advice, and (2) that AIG sought the advice of counsel in furtherance of such conduct. . . . Should any question remain in the Court's mind, the next step would be for an *in camera* review of the communications in question, which AIG will provide to the Court upon request.

(Doc. 174 at 18.)

As "question[s] remain in the Court's mind" regarding the allegedly privileged documents and the applicability of the crime-fraud exception, the Court will exercise its discretion to review the subject documents *in camera*. *See United States v. Zolin*, 491 U.S. 554, 574 (1989) (holding that "*in camera* review may be used to determine whether allegedly privileged attorney-client communications fall within the crime-fraud exception"). In its Motion for *In Camera* Review and Motion to Compel and supporting documentation, Defendant has shown "a factual basis adequate to support a good faith belief by a reasonable person . . . that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies."[3] *Id.* at 572; *see also Wiggins v. Gov't Employees Ins. Co.*, Case No. 3:16-cv-1142-J-32MCR, 2017 WL 3720911, *1 (M.D. Fla. May 5, 2017) ("Where there is a

---

[3] "[T]he threshold showing to obtain *in camera* review may be met by using any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged." *Zolin*, 491 U.S. at 575.

sufficient evidentiary showing that an issue exists regarding the application of a privilege, the court must utilize its own discretion and determine whether *in camera* review is appropriate under the circumstances presented."). Also, the circumstances of this case justify this conclusion, considering the importance to the case of the alleged privileged information and the reduced number of documents that are still at issue.

Therefore, Plaintiff shall have the documents that are at issue in Defendant's Motion for *In Camera* Review and Motion to Compel delivered to the undersigned's chambers **no later than August 22, 2018**.[4] In addition to providing these documents, Plaintiff shall also provide the Court and Defendant with a revised privilege log.[5] The Court will then enter an order regarding its

---

[4] The Court agrees with Plaintiff that Defendant's Motion for *In Camera* Review does not specifically mention Privilege Log entries 150, 154, 157, 161, 162, 164, 165, 166, 169, 170, 171, 172, 364, 367, and 370; as such, these particular documents need not be produced for an *in camera* inspection.

[5] The revised privilege log should include as much information as possible to allow the Court to determine the applicability of any privileges, including, *inter alia*, the job title and employer of the author of the document; the purpose for which the document was created and transmitted; the subject of the document; the job title and employer of the person(s) to whom the document is addressed; the job title and employer of the person(s) indicated thereon as having received a copy of the document; the name, job title, and employer of any person known or believed to have received or seen the document or any copy or summary thereof, and the reasons why they were provided access thereto; the relationship among the author, addressee, and any other recipient; the degree of confidentiality with which the document was treated at the time of its creation and transmission, and since; and any other facts relevant to the elements of work product and/or the attorney-client privilege. *See Batchelor v. Geico Cas. Co.*, Case No. 6:11-cv-1071-Orl-GJK, 2014 WL 3697682, *7 (M.D. Fla. June 4, 2014), *aff'd*, 2014 WL 3687492 (M.D. Fla. July 17, 2014); *Bukh v. Guldmann, Inc.*, Case
(continued...)

findings on the documents and whether any portion of them should be produced to Defendant.

Accordingly, it is **ORDERED**:

The Motion for *In Camera* Review (**Doc. 131**) is **GRANTED** to the extent stated herein.[6]

**DONE AND ORDERED** at Jacksonville, Florida, on August 15, 2018.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[5](...continued)
No: 8:14-cv-1089-T-23JSS, 2015 WL 6736774, *2 (M.D. Fla. Nov. 4, 2015); *First Coast Energy v. Mid-Continent Cas. Co.*, Case No. 3:12-cv-281-J-32MCR (M.D. Fla. Aug. 5, 2014). Plaintiff shall not disclose the contents of any privileged matter in the revised privilege log.

[6] Defendant's Motion to Compel (Doc. 146) is **UNDER ADVISEMENT** pending the Court's review of the subject documents.