UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADVICE INTERACTIVE GROUP, LLC,

    Plaintiff,

v.                                  CASE NO. 3:17-cv-801-J-39MCR

WEB.COM GROUP, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion to Seal Documents (Doc. 312), Defendant's Unopposed Motion for Leave to File Under Seal (Doc. 313), and Plaintiff's Unopposed Motion to Seal Document (Doc. 314). For the reasons stated herein, these Motions are due to be **GRANTED**.

The parties seek leave to file under seal complete and unredacted copies of the following:

    (1)    Plaintiff's Opposition to Defendant's Motion and Memorandum of Law to Exclude the Testimony of Christopher C. Barry and any exhibits thereto,

    (2)    Plaintiff's Opposition to Defendant's Motion to Exclude the Opinions of Sarah Butler and any exhibits thereto,

    (3)    Plaintiff's Opposition to Defendant's Motion to Exclude the Opinions of Philip Greenspun and any exhibits thereto,

    (4)    Plaintiff's Opposition to Defendant's Dispositive Motion for Summary

Judgment and Memorandum of Law in Support and any exhibits thereto,

(5) Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and any exhibits thereto,

(6) Defendant's Opposition to Plaintiff's Motion to Exclude Portions of the Expert Report and Opinions of Erich Joachimsthaler and any exhibits thereto,

(7) Defendant's Opposition to Plaintiff's Motion to Exclude Testimony of Stephen Gray and any exhibits thereto,

(8) Defendant's Response in Opposition to Plaintiff's Motion to Exclude Expert Reports and Testimony of Erica Bramer and the 2015 and 2018 Spreadsheets, and any exhibits thereto, and

(9) Plaintiff's Motion to Strike the Declaration of Lisa Anteau Filed in Support of Defendant's Motion for Summary Judgment and the Declaration of Stephen Gray Filed in Support of Defendant's Motion to Exclude the Opinions of Philip Greenspun. The parties propose to file redacted versions of the above listed documents, without exhibits, on the public docket.

As an initial matter, whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential because the public has "a common-law right to inspect and copy judicial records and public documents." In re *Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). Nevertheless, the public's right of access to judicial records may be overcome by a showing of good cause by the

party seeking protection, which includes a balancing of interests. *See id.* at 1313; *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re *Alexander*, 820 F.2d at 356.

If the court finds that good cause exists, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam). In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Even in the absence of a third party challenging the protection of information, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Further, pursuant to Local Rule 1.09(a):

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the

> words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item pursuant [to] this section shall state the particular reason the seal is required.

M.D. Fla. R. 1.09(a).

At this juncture, it appears that the above listed requirements have been satisfied and the Court will permit the sealing of the subject documents and their respective exhibits. However, the parties shall also file redacted versions of these documents, without exhibits, on the public docket.

Accordingly, it is **ORDERED**:

1. Plaintiff's Unopposed Motion to Seal Documents (**Doc. 312**), Defendant's Unopposed Motion for Leave to File Under Seal (**Doc. 313**), and Plaintiff's Unopposed Motion to Seal Document (**Doc. 314**) are **GRANTED**.

2. The parties may present to the Clerk of Court for filing under seal complete and unredacted copies of the following:

   (1) Plaintiff's Opposition to Defendant's Motion and Memorandum of Law to Exclude the Testimony of Christopher C. Barry and any exhibits thereto,

   (2) Plaintiff's Opposition to Defendant's Motion to Exclude the

Opinions of Sarah Butler and any exhibits thereto,

(3) Plaintiff's Opposition to Defendant's Motion to Exclude the Opinions of Philip Greenspun and any exhibits thereto,

(4) Plaintiff's Opposition to Defendant's Dispositive Motion for Summary Judgment and Memorandum of Law in Support and any exhibits thereto,

(5) Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and any exhibits thereto,

(6) Defendant's Opposition to Plaintiff's Motion to Exclude Portions of the Expert Report and Opinions of Erich Joachimsthaler and any exhibits thereto,

(7) Defendant's Opposition to Plaintiff's Motion to Exclude Testimony of Stephen Gray and any exhibits thereto,

(8) Defendant's Response in Opposition to Plaintiff's Motion to Exclude Expert Reports and Testimony of Erica Bramer and the 2015 and 2018 Spreadsheets, and any exhibits thereto, and

(9) Plaintiff's Motion to Strike the Declaration of Lisa Anteau Filed in Support of Defendant's Motion for Summary Judgment and the Declaration of Stephen Gray Filed in Support of Defendant's Motion to Exclude the Opinions of Philip Greenspun.

These documents shall remain under seal **until further Order of the Court**. At

the conclusion of this litigation, or beforehand if deemed necessary by the parties, the parties shall move to have the subject documents unsealed or returned. If the parties have not already done so, they shall file redacted versions of these documents, without the accompanying exhibits, on the public docket.

**DONE AND ORDERED** at Jacksonville, Florida, on August 17, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record